UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In the matter of: | ) | Case No.: 1:10 MC 101 |
| | ) | |
| TRANS-INDUSTRIES, INC., *et al.*, | ) | |
| | ) | |
|     Debtors | ) | |
| | ) | |
| DAVID W. ALLARD, *etc.*, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| NANCY F. FIGGIE, *et al.*, | ) | |
| | ) | |
|     Defendants | ) | <u>ORDER</u> |

Pending before the court is the Motion to Quash (ECF No. 1) filed by Brent Ballard ("Ballard"), Managing Partner of Calfee, Halter & Griswold, LLP ("Calfee") Calfee represents Nancy Figgie, Administrator/Executrix of the Estate of Harry Figgie. David Allard is Trustee of Trans-Industries Inc. ("TI"), and Plan Administrator for Trans-Industries, Inc. Employees' 401(k) Profit Sharing Plan and Trust ("Plaintiff or "Trustee"). Plaintiff issued a subpoena on or about December 9, 2010, for Ballard to appear for a deposition. Plaintiff initiated the instant case when he filed an ERISA Complaint against Defendants in the Bankruptcy Court for the Eastern District of Michigan, alleging they had breached numerous fiduciary duties owed to the Plan and its participants. Harry Figgie ("Figgie"), TI's largest shareholder and member of its Board of Directors, was involved in efforts to fix the Plan and enable it to pay out two large distribution requests.

Testimony from two witnesses indicated Mr. Ballard was involved with Figgie in these discussions and efforts to fix the Plan. Upon learning this information, Trustee immediately issued a subpoena for Mr. Ballard to appear for a deposition. Trustee seeks to depose Ballard on "communications between Calfee and directors/officers of TI during a critical time period when the Profit Sharing Plan was facing a liquidity crisis following a distribution request." (Resp. at 10, ECF No. 5.)

### A. PRIVILEGED INFORMATION

#### 1. Attorney-Client Privilege

Attorney-client privilege protects "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *Fisher v. United States*, 425 U.S. 391, 403 (1976). The purpose of the attorney-client privilege "is to ensure free and open communications between a client and his attorney." *In re Grand Jury Subpoenas*, 454 F.3d 511, 519-20 (6th Cir. 2006) (citing *Fisher*, 425 U.S. at 403 ("The purpose of the privilege is to encourage clients to make full disclosure to their attorneys."); *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888) ("The rule which places the seal of secrecy upon communications between client and attorney is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure."). The privilege is limited to "only those communications necessary to obtain legal advice" and only applies "where necessary to achieve its purpose." *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002) (citing *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir.1986); *Fisher*, 425 U.S. at 403)).

The party asserting the privilege bears the burden of proving its existence. *Id.* (citing *United*

*States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999); *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir.1983)). Claims of attorney-client privilege must be "narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit." *Id*. (quoting *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997)).

### 2. Subpoena Seeks Privileged Information

The Trustee argues that Ballard has asserted the attorney-client privilege in the instant case, but has not proven its existence. As stated above, the "burden of establishing the existence of the privilege rests with the party asserting the privilege." *Dakota*, 197 F.3d at 825. In his Response, Trustee states that he seeks "testimony concerning communications between Calfee and directors/officers of TI during a critical time period when the Profit Sharing Plan was facing a liquidity crisis following a distribution request." (Resp. at 10.) Ballard claims that this information is privileged, since it involved an attorney and a client discussing legal matters. He fails though, to establish that the specific information sought by the Trustee is privileged. Merely claiming that information is privileged is insufficient to meet the burden. *See Vita-Mix Corp. v. Basic Holdings, Inc.*, No. 1:06 CV 2622, 2007 WL 2344750, at *3 (N.D. Ohio Aug. 15, 2007). Numerous courts have held that the "party invoking the privilege must 'produc[e] evidence sufficient to show the existence of a relationship giving rise to the privilege. The burden is not satisfied by mere conclusive or *ipsa dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the privilege.'" *Lewis v. U.S.*, No. 02-2958B, 2005 WL 1926655, at *1 (W.D. Tenn. June 20, 2005); *see also SPX Corp. v. Bartec USA, LLC*, 247 F.R.D. 516, 527 (E.D. Mich. 2008) (stating Rule 26(b)(5) of FRCP require a party withholding information on the basis of privilege to provide sufficient information to enable evaluation of that claim); *U.S. v. Davis*, 131 F.R.D. 391, 402

-3-

(S.D.N.Y. 1990) (stating that party claiming privilege had to show by affidavit or other competent evidence sufficient facts to bring the disputed documents within the confines of the privilege). The letter, from Ballard to Richard Solon, President and Chief Operating Officer of TI, regarding Ballard's representation of Figgie, attached to Trustee's Response, does indicate that Ballard seemed to represent Figgie, and related family members and entities as shareholders of TI, and Figgie as a Director of TI. (Ex. 8, ECF No. 5-9.) However, this fact alone does not provide the answer to the question of what communications, if any, would be covered by attorney-client privilege. All of them may be covered, some of them may be, or none at all. It all depends on the nature of the communications.

The privilege does not shield from disclosure any statements made in the presence of third-parties. *See Reed v. Baxter*, 134 F.3d 351, 357 (6th Cir. 1998). Here, Trustee contends there has been a waiver of the privilege relating to communications made to everyone involved in the "brainstorming" meeting. (*See* Ex. 7 at 53-54, ECF No. 5-8.) Therefore, Trustee is entitled to depose Ballard on any communications made in the presence of third parties, as well as any non-privileged information which may have been communicated by or to Ballard by Figgie.

The Trustee also has asserted that certain non-third party communications between Figgie and Ballard are not privileged because Ballard was providing business advice, and not legal services. Courts have found communications that are primarily of a business nature to be outside the scope of the privilege. *See e.g., Edwards v. Whitaker*, 868 F.Supp. 226, 228 (M.D. Tenn. 1994); *Davis,* 131 F.R.D. at 401; *Cuno, Inc. v. Pall Corp.,* 121 F.R.D. 198, 204 (E.D.N.Y. 1988); *Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 90 F.R.D. 21, 34 (N.D. Ill. 1980). However, the fact that business matters were discussed does not automatically make those communications non-privileged. *See*

*Coleman v. American Broadcast Companies, Inc.*, 106 F.R.D. 201, 206 (D.C.D.C. 1985); *Davis*, 131 F.R.D. at 401. In situations where there is mixed legal-business advice, the court must determine whether the predominant nature of the consultation was legal or business-oriented. *See Ohio-Sealy*, 90 F.R.D. at 34; *Davis*, 131 F.R.D. at 401; *Cuno*, 121 F.R.D. at 204. At this time, it is unclear whether Figgie's primary purpose for seeking Ballard's advice was legal or business-oriented, because Ballard has not identified the matters regarding which he seeks to assert a privilege. In light of this fact, Ballard is subject to being deposed regarding these matters. However, this does not mean he has forfeited any protection which should be accorded matters that are privileged. As Rule 26(b)(1) of the Federal Rules of Civil Procedure states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Privileged information is always excluded from production unless an exception applies or there has been a waiver of the privilege. Thus, Ballard may assert the privilege in the context of his deposition testimony if he believes such privilege is applicable.

### B. *NATIONWIDE* TEST

Ballard also argues that under *Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 278 F.3d 621 (6th Cir. 2002), the Trustee has not shown he has the right to depose opposing counsel. Although the court did not define opposing counsel in *Nationwide*, courts within the Sixth Circuit have applied this term to depositions of litigation counsel. *See Vita-Mix*, 2007 WL 2344750 at *3. Ballard represented Richard Solon ("Solon") and Figgie, prior to the TI bankruptcy that gave rise to the Michigan Litigation. Ballard is still involved, "developing the strategy" for the defense of Solon, Nancy Figgie, Administrator/Executrix of the Estate of Harry E. Figgie, Jr., and the Harry E. Figgie, Jr. Trust Agreement. (Mot. to Quash at 4, 11, ECF No.1.) He, therefore, qualifies as opposing

counsel. The Sixth Circuit adopted the three-part test used by the Eighth Circuit to determine when it is appropriate to depose opposing counsel. *Nationwide*, 278 F.3d at 629. Discovery from opposing counsel is "limited to where the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information . . . ; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Id.* at 628.

The Trustee has met the first requirement, as he has presented ample evidence demonstrating his need to depose Ballard. He has shown there are no other means to obtain this information. All other parties involved in the discussions on how to implement the Plan distributions have already been deposed. They have indicated that they either could not testify to the scope of Ballard and Figgie's involvement, or that they cannot recall with the requisite specificity. For example, Joel Reed, of RA Capital Advisors, LLC, who had served as an advisor to Mr. Figgie and TI, stated that he could not recall Figgie saying why he wanted the authority to appoint or recommend certain directors for the board of directors, that he could not recall being told the nature of the problem of the profit sharing plan, and that he could not recall whether they had met or felt they had to notify anyone of the red flags with the Plan. (Exhibit 4 at 62, 64, 68, 73, ECF No. 5-5.)

The second requirement, that the information sought be relevant and non-privileged, has been met. The Michigan litigation was initiated by the Trustee's filing of an ERISA complaint against the Defendants in the Bankruptcy Court, and concerns claims that Defendants breached numerous fiduciary duties owed to Plan participants. Though Ballard has asserted that all communications between Figgie and him are privileged, he has not met his burden to demonstrate that such communications are privileged. Thus, as discussed above, Ballard may be subjected to giving a deposition in this case, but only to the extent the matters on which the deposition is sought are not

privileged.

Lastly, the Trustee is able to meet the third requirement. This information is clearly crucial to the preparation of the case. To substantiate his claims that Defendants breached fiduciary duties, Trustee must be able to discern the roles of various individuals and whether those roles caused them to rise to the level of a Plan fiduciary. Therefore, Trustee has met his burden. Thus, the deposing of Ballard is appropriate.

### C. REASONABLE TIME

Ballard's final argument is that the Trustee fails to allow him a reasonable time to comply with the subpoena pursuant to Rule 45(c)(3)(A)(i) and (iv) of the Federal Rules of Civil Procedure. Ballard was served on or about December 9, 2010, for a deposition to occur in Calfee's offices on December 21, 2010. The scheduled date for the deposition has passed. If the Trustee is still desirous of a deposition, he should contact Ballard to arrange a mutually-convenient time that gives him adequate time to prepare.

### D. CONCLUSION

For the foregoing reasons, Ballard's Motion to Quash (ECF No. 1) is denied.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 28, 2011